**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6006**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KELVIN MAURICE HORNE, a/k/a Speedy,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:17-cr-00288-WO-1; 1:24-cv-00782-WO-LPA)

_____

Submitted: May 15, 2025                                    Decided: May 20, 2025

_____

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Kelvin Maurice Horne, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Maurice Horne, a federal prisoner, appeals the district court's order accepting the magistrate judge's recommendation, construing Horne's petition for a writ of error coram nobis as an unauthorized, successive 28 U.S.C. § 2255 motion, and dismissing it on that basis.[*] Horne claims that the court erred in construing his petition as a § 2255 motion and that he can seek relief in a petition for writ of error coram nobis because he has no other available remedies. Coram nobis, however, is an extraordinary remedy available only when the movant demonstrates a fundamental error, for which a more usual remedy is not available, and a valid reason for not attacking his convictions earlier. *United States v. Lesane*, 40 F.4th 191, 197 (4th Cir. 2022).

Here, Horne is in federal custody, so the more usual remedy for challenging the validity of his convictions—a § 2255 motion—is available. And because Horne could have raised the issue he asserted in his petition for writ of error coram nobis in a direct appeal or in his first § 2255 motion but did not do so, he has not shown that a valid reason exists for not raising the issue earlier. We therefore conclude that the district court correctly construed Horne's petition as a successive § 2255 motion and dismissed it for lack of jurisdiction because Horne did not obtain authorization from this court to file it. We thus affirm the district court's order.

---

[*] A certificate of appealability is not needed to appeal the district court's jurisdictional dismissal of Horne's petition for writ of error coram nobis as an unauthorized, successive § 2255 motion. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*